UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOOGLE LLC,

                Plaintiff,

- against -

UNITED STATES OF AMERICA,

                Defendant.

19-mc-478 (JGK)

**ORDER**

JOHN G. KOELTL, District Judge:

The attached opinion dated November 2, 2019 was originally filed under seal. The parties have agreed on limited redactions. The redacted copy will now be filed publicly, not under seal.

SO ORDERED.

Dated:   New York, New York
        March 10, 2020

                                      John G. Koeltl
                                United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GOOGLE LLC,

     Plaintiff,

 - against -

UNITED STATES OF AMERICA,

     Defendant.

19-mc-478 (JGK)

MEMORANDUM OPINION &
ORDER

UNDER SEAL

---

**JOHN G. KOELTL, District Judge:**

  The plaintiff, Google LLC ("Google") moves this Court to vacate or modify the September 19, 2019 non-disclosure order signed by Magistrate Judge Wang ("NDO"). The NDO was issued in connection with a search warrant, also issued by Magistrate Judge Wang on September 19, 2019, that was directed to Google for records pursuant to 18 U.S.C. § 2703(b)(1)(A) and § 2703(c)(1)(A) ("Warrant"). The plaintiff also moves to stay the deadline for producing outstanding information responsive to the Warrant until the motion to vacate or modify the NDO has been decided. The Government cross moves to compel the immediate compliance with the production obligations of the Warrant. For the reasons stated below, the plaintiff's motions are **denied** and the Government's motion is **granted**.

# I.

The following facts are taken from the submissions of the parties.

The plaintiff provides cloud storage and computing services to individuals and enterprise customers. Through its "G Suite," the plaintiff offers enterprise customers products that include email, word processing, storage, and more, to help simplify the workplace. Enterprise customers can host their online business data and email with Google for a fee. This means that the enterprise's business data and email are stored and supported by Google, the service provider, rather than by the enterprise itself.

As part of an ongoing criminal investigation being conducted by the United States Attorney's Office for the Southern District of New York and the Federal Bureau of Investigation, the Government applied for a search warrant and submitted an affidavit from a Special Agent of the Federal Bureau of Investigation to Magistrate Judge Wang. Carroll Decl. Ex. A. Pursuant to 18 U.S.C. § 2703(b)(1)(A) and § 2703(c)(1)(A) of the Stored Communications Act ("SCA") and Federal Rule of Criminal Procedure 41, Magistrate Judge Wang found probable cause to believe that six email accounts maintained at premises controlled by the plaintiff contained the evidence, fruits, and instrumentalities of crime and issued a warrant for records,

which were to be provided to the Government within 30 days of September 19, 2019.[1] Id. at 1. The Warrant called for all content and information[2] within Google's possession, custody, or control from three ███████ accounts associated with three individuals ████████████████████ ████████████████████████████████████ and from three enterprise accounts ██████████████████████ ████████████████████████████████ for various time periods, beginning on either January 1, 2017 or January 1, 2018, through December 31, 2018. Id. at 4.

In connection with the Warrant, Magistrate Judge Wang also issued an NDO, pursuant to 18 U.S.C. § 2705(b), finding that

> [T]here is reason to believe that notification of the existence of this warrant will result in destruction of or tampering with evidence, and/or intimidation of potential witnesses, or otherwise will seriously jeopardize an ongoing investigation. Accordingly, it is hereby ordered that the Provider shall not disclose the existence of this Warrant and Order to the listed subscriber, to the enterprise account holder or its representatives, or to any other person for a period of one year from the date of this Order . . . except that Provider may disclose this Warrant and Order to

---

[1] 30 days from the date of the warrant is October 19, 2019. The parties do not dispute that because the 30-day period ended on a Saturday, the deadline for production fell on Monday, October 21, 2019. See Fed. R. Crim. P. 45(a)(1)(C).

[2] The Warrant specifically requested email content, address book information, subscriber and payment information, transactional records, customer correspondence, search and web history, Google Payments, Google Drive content, Google Docs, Google Calendar, chats and instant messages, location history, information regarding linked accounts, device information, android services, and preserved or backup records. Carroll Decl. Ex. A at 4-6.

3

>an attorney for Provider for the purpose of receiving
>legal advice.

Id. at 2.

The Government served the Warrant and NDO on the plaintiff on September 19, 2019. Carroll Decl. ¶ 2. As of October 21, 2019, the plaintiff had provided the Government with the records responsive to the Warrant for the three ████████ accounts for individuals. Id. at ¶ 5. The plaintiff has preserved the information and files responsive to the Warrant that are associated with the enterprise accounts, which are ready for production but have not yet been produced. Id.

The plaintiff argues that the NDO is a content-based, prior restraint on its freedom of speech that is subject to strict scrutiny review. It argues that the NDO does not survive strict scrutiny review because the NDO does not appear to be narrowly tailored to serve a compelling state interest.[3] The plaintiff also seeks a stay of the Warrant's deadline for the production of information until the decision on its motion to vacate or modify the NDO is issued. In response, the Government argues that the NDO survives strict scrutiny. Further, it contends that the plaintiff has not borne its burden to justify a stay of a

---

[3] The plaintiff does not dispute that the Government has a compelling interest in maintaining the secrecy of its criminal investigation, but objects that the NDO is not narrowly tailored to accomplish that interest.

4

deadline for production imposed by the Warrant, the validity of which is uncontested, and moves to compel production of the outstanding information pursuant to the Warrant.

**II.**

The decision of a neutral and detached magistrate to issue a warrant upon a finding of probable cause serves as a protection for both the service provider and the customer's privacy interests. See Matter of Warrant to Search a Certain E-Mail Account Controlled & Maintained by Microsoft Corp., 855 F.3d 53, 56 (2d Cir. 2017) ("[S]ince the [warrant] was issued by a neutral magistrate judge upon a showing of probable cause . . . [the] warrant has satisfied the most stringent privacy protections our legal system affords."). The Court reviews the Magistrate Judge's findings de novo to evaluate if the findings were correct. See Matter of Application of United States of Am. for an Order of Nondisclosure Pursuant to 18 U.S.C. §2705(b) for Grand Jury Subpoena # GJ2014031422765, 41 F. Supp. 3d 1, 4-5, 8 (D.D.C. 2014) (reviewing a magistrate judge's non-disclosure order under 18 U.S.C. § 2705(b) de novo); see also In re Search of Info. Associated with [redacted]@gmail.com that is Stored at Premises Controlled by Google, Inc., No. 16-MJ-00757 (BAH), 2017 WL 3445634, at *2-5 (D.D.C. July 31, 2017) (reviewing a

magistrate judge's issuing of a warrant under 18 U.S.C. § 2703 de novo).

### III.

"The term prior restraint is used to describe administrative and judicial orders <u>forbidding</u> certain communications when issued in advance of the time that such communications are to occur." <u>Alexander v. United States</u>, 509 U.S. 544, 550 (1993) (internal quotation marks and citation omitted). Prior restraints on protected speech are subject to a "heavy presumption" against their constitutional validity and "carr[y] a heavy burden of showing justification for the imposition of such restraint[s]." <u>Org. for a Better Austin v. Keefe</u>, 402 U.S. 415, 419 (1971); <u>accord</u> <u>Lusk v. Vill. of Cold Spring</u>, 475 F.3d 480, 485 (2d Cir. 2007). Content-based prior restraints are generally subject to strict scrutiny. <u>See</u> <u>United States v. Playboy Entm't Grp., Inc.</u>, 529 U.S. 803, 813 (2000). Under strict scrutiny review, "the Government must demonstrate that the nondisclosure requirement is narrowly tailored to promote a compelling Government interest, and that there are no less restrictive alternatives that would be at least as effective in achieving the legitimate purpose" of the Government. <u>John Doe, Inc. v. Mukasey</u>, 549 F.3d 861, 878 (2d Cir. 2008), <u>as modified</u> (Mar. 26, 2009) (internal quotation marks and citations omitted).

Assuming, without deciding that the NDO must satisfy the strict scrutiny test,[4] the NDO survives strict scrutiny review because it is narrowly tailored to protect a compelling Government interest and there is no less restrictive alternative that would be at least as effective in serving the Government's legitimate purpose. The Government has a compelling interest in maintaining the secrecy of an ongoing criminal investigation. The investigation of crime is a core government function that secures the safety of people and property. "[T]here are some kinds of government operations that would be totally frustrated if conducted openly. A classic example is that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." <u>Press-Enter. Co. v. Superior Court of California for Riverside Cty.</u>, 478 U.S. 1, 9 (1986). The Government has a compelling interest in maintaining the confidentiality of the existence of the Warrant, and the specific accounts being investigated, in order to avoid revealing the existence of its ongoing criminal investigation of individuals and entities who may be involved in the very conduct under investigation. Giving notice of requests to third parties "would substantially increase the ability of persons who have something to hide to impede legitimate investigations. . . ."

---

[4] The Government concedes that for the purposes of these motions, the NDO is content-based and strict scrutiny applies.

7

S.E.C. v. Jerry T. O'Brien, Inc., 467 U.S. 735, 736 (1984). Thus, the Government's interest in safeguarding the confidentiality of an ongoing criminal investigation is legitimate and compelling.

Further, the NDO is narrowly tailored because it prohibits only the disclosure of the existence of the Warrant and of the investigation. The plaintiff is still free to speak publicly about search warrants and government investigations, as long as it does not disclose the existence of this Warrant and the Government's investigation. The NDO is also limited to a one-year time period.

The plaintiff argues that the NDO does not appear to be narrowly tailored in scope and duration because: (1) the NDO failed to select any particular statutory factor and lists that one "and/or" another of the statutory factors under 18 U.S.C. § 2705(b) were present, which suggests that the Government failed to substantiate a specific reason to justify the NDO and the Magistrate Judge did not consider whether the NDO was narrowly tailored to serve any specifically articulated interest; (2) the NDO does not reveal that the Government provided any facts and evidence in its ex parte application about why the harms may occur; (3) the NDO does not indicate why a less restrictive alternative does not exist, specifically the ability of the plaintiff to tell the general counsel or other

8

legal representatives of its enterprise customers about the Warrant; and (4) the NDO fails to explain why an NDO of shorter duration would be insufficient to achieve the Government's interests. None of these arguments have merit.

The Court turns to the plaintiff's first two arguments. When the Government makes an application for non-disclosure under 18 U.S.C. § 2705(b), a court is required to issue a non-disclosure order to the person or entity to whom the warrant is directed, if it finds that there is "reason to believe that notification of the existence of the warrant" would result in at least one of the statute's five enumerated harms. In its search warrant application, the Government provided a lengthy affidavit setting out particularly detailed evidence regarding the relationship of the data sought to the subjects of the investigation and to activities involved in the alleged crime.[5] The affidavit also set out sufficient detail as to why premature disclosure of the Warrant and the existence of the investigation could reasonably lead to the destruction of or tampering with evidence and intimidation of potential witnesses, thus making information inaccessible to investigators, and how the disclosure could seriously jeopardize the ongoing investigation. Significantly, the Government did not rely on other statutory

---

[5] The details provided in the affidavit support the Magistrate Judge's finding of probable cause to issue the Warrant.

9

factors, specifically endangering the life or physical safety of an individual or flight from prosecution. See 18 U.S.C. §§ 2705(b)(1)-(2). The three factors listed by the Magistrate Judge were limited to the bases presented in the Government's affidavit.

The Magistrate Judge's Order was justified by the evidence provided by the Government, which followed the guidance outlined in the DOJ policy memorandum that the plaintiff cites in its brief. See Memorandum for Heads of Department Law Enforcement Components, et al., from Rod J. Rosenstein, Deputy Attorney Gen., Policy Regarding Applications for Protective Orders Pursuant to 18 U.S.C. § 2705(b), at 2 (U.S. Dept. of Justice, Oct. 19, 2017) (available at https://www.justice.gov/criminal-ccips/page/file/1005791/download). The Government's submissions contained specifically articulated interests, not boilerplate assertions, that justified the issuing of the NDO, and the Magistrate Judge did not use indeterminate language in the NDO. Furthermore, the plaintiff acknowledges that it has not seen the ex parte application that the Government submitted in support of its request for the NDO. Thus, the plaintiff's arguments that the Government's evidence in support of the NDO was insufficient are unjustified speculation.

With respect to the plaintiff's third argument, the Government has shown in its affidavit why notifying the general

10

counsel or other legal representative of the plaintiff's enterprise customers about the Warrant would not be a reasonable alternative and would not be as effective as the NDO. The DOJ White Paper that the plaintiff cites provides multiple examples of practical considerations, such as the inability of law enforcement "to find a trustworthy point of contact (or, perhaps, any point of contact) at the enterprise," that would leave the Government "with no choice but to seek disclosure directly from the provider." U.S. Dep't of Justice, Seeking Enterprise Customer Data Held by Cloud Service Providers, at 3 (Dec. 2017) (available at https://www.justice.gov/criminal-ccips/file/1017511/download). The supporting affidavit explained why that was true in this case. The Magistrate Judge was justified in concluding that there was reason to believe that notification of the Warrant and Order would result in several of the harms specified in the statute.

Finally, given the scope and complexity of the Government's investigation as detailed in the supporting affidavit, a one-year time frame is wholly justified. The plaintiff argues that one year is longer than necessary to achieve the Government's interest and cites other statutes, such as 18 U.S.C. § 2705(a), that allow for periods of shorter delay. A provision in that statute, 18 U.S.C. § 2705(a)(1), limits an order delaying the notification of the existence of a document request under 18

11

U.S.C. § 2703(b) to 90 days, with extensions of the delay of up to 90 days allowed under § 2705(a)(4). However, the statute imposes no comparable time limit in this case. The Government obtained a warrant from Magistrate Judge Wang pursuant to 18 U.S.C. § 2703(b)(1)(A), which does not require the Government to notify a subscriber or customer of its request when it has obtained a warrant. Thus, the section of 18 U.S.C. § 2705 that applies to this case is § 2705(b), not § 2705(a). Under 18 U.S.C. § 2705(b), a court may enter a non-disclosure order "for such a period as the court deems appropriate." Magistrate Judge Wang, a neutral magistrate, found that the one-year time frame was appropriate based on the Government's evidence presented in its affidavit. The supporting affidavit details a far-ranging and complex investigation of which these six accounts constitute only a piece. It is wholly reasonable to conclude that this investigation would take at least one year to complete and premature disclosure would trigger the consequences sought to be prevented by the NDO. Judge Preska has recently rejected similar arguments asserted by Google to the effect that: (1) Google should have the option to notify an officer at the enterprise of the existence of the Government's document requests and (2) the one-year duration of two NDOs was too long. See In re Grand Jury Subpoena to Google LLC Dated March 20, 2019, Nos. 19 Mag. 2821, 19 Mag. 3232 (LAP), slip op. at 32-35 (S.D.N.Y. June 3, 2019),

12

appeal filed, No. 19-1891 (2d Cir.) (finding that two NDOs prohibiting disclosure of two SCA orders survived strict scrutiny).

The Government also argues that the plaintiff's First Amendment Rights are limited in this case because the plaintiff learned of the underlying investigation only through the Warrant and NDO and not from independent sources. The Government analogizes the type of analysis to be applied to the standards used to assess confidentiality orders in civil litigation, a standard less exacting than strict scrutiny. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984). Because the Government has assumed for the sake of argument on these motions that strict scrutiny should apply in this case and because the NDO passes strict scrutiny, it is unnecessary to reach any challenges to the strict scrutiny standard to determine the validity of this NDO.

## IV.

The plaintiff also moves to stay the deadline for producing outstanding information responsive to the Warrant. "[T]he issuance of a stay is left to the court's discretion" but this "does not mean that no legal standard governs that discretion." Nken v. Holder, 556 U.S. 418, 434 (2009). The legal principles that a court should consider in granting a stay are

13

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id.

The plaintiff cannot "bear the burden of showing that the circumstances justify an exercise of [the court's] discretion." Nken, 556 U.S. at 433-34. For the reasons explained above, the plaintiff cannot show a likelihood of success on the merits of its motion to vacate or modify the NDO. Indeed, that application is denied. Any restrictions on the plaintiff's speech is justified by the Government's compelling interest. Moreover, the plaintiff has not shown that the issuance of a stay will not substantially injure the Government. The Government argues, persuasively, that any further delay in the production of the materials responsive to the Warrant increases the risk that evidence will be lost or destroyed, heightens the chance that targets will learn of the investigation, and jeopardizes the Government's ability to bring any prosecution in a timely fashion. The public interest is served by prompt compliance with the Warrant.

In any event, the plaintiff sought a stay of the deadline to produce information pertaining to the enterprise accounts

14

pursuant to the Warrant only until the resolution of the plaintiff's challenge to the NDO. Because that challenge has now been resolved, the plaintiff's motion for a stay is moot and is therefore **denied**. The Government's motion to compel production is **granted**.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons stated above, the plaintiff's motions to vacate or modify the NDO and to stay the deadline for producing outstanding information responsive to the Warrant are **denied**. The Government's motion to compel the immediate compliance with the production obligations of the Warrant is **granted**. The Clerk is directed to close this case, Docket No. 19-mc-478.

**SO ORDERED.**

Dated: New York, New York
November 2, 2019

John G. Koeltl
United States District Judge